**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

| | |
|---|---|
| XEE RADER, Individually and on Behalf of Others Similarly Situated, | Case No.: 1:19-cv-03021-DDD-NRN |
| v. | Jury Trial Demanded |
| GEN 1 PROTECTION | |

**PLAINTIFFS' UNOPPOSED MOTION TO APPROVE SETTLEMENT**

**1.   INTRODUCTION**

Plaintiff, Xee Rader, individually and on behalf of others similarly situated (Plaintiffs) and Gen 1 Protection (Gen One), are pleased to announce they have reached a settlement with respect to this Fair Labor Standards Act (FLSA) case. This settlement represents the culmination of significant investigation, litigation, and negotiation. If approved, the settlement will provide meaningful relief to the covered workers.

**2.   PROCEDURAL BACKGROUND**

On October 22, 2019, Plaintiffs filed this lawsuit against Gen 1, alleging violations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. (the "Lawsuit"). Specifically, Plaintiffs alleged Gen 1 failed to pay certain workers overtime for hours worked in excess of 40 during workweeks.

To avoid protracted litigation and expense, the Parties engaged in informal and/or formal discovery to identify the potential class members, documents, and records necessary for the parties to calculate as accurately as possible the number of hours worked by, and the wages paid to, the potential class members.

After substantial, arms' length negotiations, the Parties reached an agreement to settle the Lawsuit on a class-wide basis. The Parties identified a total of 6 potential class members, inclusive of Xee Rader, who worked overtime hours during the relevant period (hereinafter referred to as the "Settlement Class").

The members of the Settlement Class, and their respective shares, are set forth in Exhibit A to the Settlement Agreement filed as a Restricted Document – Level 1 [Dkt. No. 31] simultaneously with this motion and Plaintiffs' Unopposed Motion for Leave to Restrict Public Access. Each member of the Settlement Class will be mailed and emailed the Notice attached as Exhibit B to the Settlement Agreement, along with the Claim Form attached as Exhibit C to the Settlement Agreement.

3.   **LEGAL STANDARD**

The law in the Tenth Circuit as to whether the law with respect to whether the settlement of an FLSA action requires court approval "is somewhat in flux." *Lee v. Best Budz LLC*, No. 19-CV-02430-KMT, 2019 WL 5964966, at *1 (D. Colo. Nov. 12, 2019). However, "while there is disagreement over whether FLSA settlements *must* be approved by the Court, there does not appear to be disagreement at this time over whether FLSA settlements *may* be approved by the Court." *Slaughter v. Sykes Enters., Inc.*, No. 17-CV-02038-KLM, 2019 WL 529512, at *2 (D. Colo. Feb. 11, 2019). Because this Settlement will involve sending Notice to absent collective members, the Parties, in an abundance of caution, seek Court approval of its terms.

Generally, in an FLSA action, if settlement approval is required, the court must "review the proposed settlement to ensure (1) the litigation involves a bona fide dispute, (2) the proposed settlement is fair and equitable to all parties concerned, and (3) the proposed settlement contains a reasonable award of attorneys' fees." *Davis v. Crilly*, 292 F. Supp. 3d 1167, 1170 (D. Colo. 2018) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *Lee v. Best Budz LLC*, No.

19-CV-02430-KMT, 2019 WL 5964966, at *1 (D. Colo. Nov. 12, 2019) (same). The current Settlement meets each of these elements.

**4. THIS CASE INVOLVES A BONA FIDE DISPUTE**

Parties requesting approval of an FLSA settlement must provide the Court with sufficient information to determine whether a bona fide dispute exists. *Davis v. Crilly*, 292 F. Supp. 3d 1167, 1172 (D. Colo. 2018) (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1234 (M.D. Fla. 2010). To meet this obligation, the parties must present: (1) a description of the nature of the dispute; (2) a description of the employer's business and the type of work performed by the employees; (3) the employer's reasons for disputing the employees' right to a minimum wage or overtime; (4) the employees' justification for the disputed wages; and (5) if the parties dispute the computation of wages owed, each party's estimate of the number of hours worked and the applicable wage. *Id.* (citing *Collins v. Sanderson Farms, Inc.,* 568 F. Supp. 2d 714, 718 (E.D. La. 2008)); *Swanson v. Cathedral Energy Servs., Inc.*, No. 17-CV-01578-DDD, 2019 WL 4858453, at *2 (D. Colo. Oct. 2, 2019). The mere existence of an adversarial lawsuit is not enough to satisfy the bona fide dispute requirement. *Id.*

Gen 1 provides an array of security and protection services to its clients in the Denver, Colorado area. Rader and Gen 1's other Security Guards are the employees who perform the guard services Gen 1provides to its clientele. Rader has alleged in this lawsuit that, despite the fact that he and the other Gen 1 security guards regularly worked in excess of 40 hours in a workweek, Gen 1 failed to pay them overtime compensation as required by the FLSA and instead paid them the same hourly rate for all hours worked. Gen 1 denies the allegations in the lawsuit and denies that it engaged in any wrongdoing or violation of law, that the collective members are similarly situated, and that the identified class members are entitled to overtime because they were paid in full as agreed for all hours worked. Gen 1 further alleges that all or some of the identified collective members are properly

- 3 -

classified as independent contractors. Gen 1 is entering into this Agreement because it will eliminate the burden, risk and expense of further litigation.

This case clearly involves the arms-length resolution of a bona fide dispute between adversarial parties.

**5. THE SETTLEMENT IS FAIR AND EQUITABLE TO ALL PARTIES CONCERNED**

To be fair and reasonable, an FLSA settlement must provide adequate compensation to the employees and must not frustrate the FLSA policy rationales. *Swanson v. Cathedral Energy Servs., Inc.*, No. 17-CV-01578-DDD, 2019 WL 4858453, at *2–3 (D. Colo. Oct. 2, 2019). Courts weigh a number of factors on this consideration, including: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the probability of plaintiffs' success on the merits and (6) the amount of the settlement in relation to the potential recovery. *Id.* There is a strong presumption in favor of finding a settlement fair. *Id.*

This Settlement resulted from arm's-length negotiations by experienced counsel. It will provide substantial relief to Plaintiffs and collective members. Indeed, the amount to be received by each plaintiff exceeds their maximum potential recovery before this Court. Additionally, this Settlement eliminates the risks to both Parties of pursuing this matter to trial, which may not take place for a year or more in the future. The agreement brings immediate and substantial compensation to the class members without the need for lengthy litigation. *See id.*

This Settlement does nothing to undermine the purpose of the FLSA: to protect employees' rights from employers who generally wield superior bargaining power. This Settlement provides adequate compensation to the employees and doesn't frustrate FLSA policy rationales. See id.

**6.  ATTORNEYS' FEES**

The FLSA entitles a prevailing plaintiff to recover "a reasonable attorney's fee... and costs of the action." 29 U.S.C. § 216(b); *see, e.g., Gray v. Phillips Petrol. Co.*, 971 F.2d 591, 593 (10th Cir. 1992). The fee is mandatory, but the Court has discretion to determine the amount and reasonableness of it. *Wright v. U–Let–Us Skycap Serv., Inc.*, 648 F. Supp. 1216, 1218 (D. Colo. 1986). Courts have found the amount of attorneys' fees and costs to be reasonable when, as here, the amount of fees and costs were separately negotiated and will not compromise or diminish Plaintiffs' recovery. *Sapp v. Linked Commc'ns*, No. 3:12CV245/MCR/EMT, 2014 WL 1584491, at *2 (N.D. Fla. Mar. 13, 2014), *report and recommendation adopted,* No. 3:12CV245/MCR/EMT, 2014 WL 1584497 (N.D. Fla. Apr. 21, 2014). "Where the attorney's fee was agreed upon separately, without regard to the amount paid to the plaintiff, then 'unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.' " *Davis v. The Filta Group, Inc.*, 2010 WL 3958701, *2 (M.D. Fla. Sept. 20, 2010); *Tackett v. Alabama Plumbing Contractor LLC*, No. 2:19-CV-02005-JHE, 2019 WL 6896200, at *2 (N.D. Ala. Dec. 18, 2019) (same).

**7.  CONCLUSION.**

Using the FLSA's opt-in procedure, the Settlement Agreement gives every potential collective member the *option* of participating in the settlement or retaining their right to sue. Prior to making their decision, the class members will be: (1) provided with the information necessary to make an informed choice; (2) given sufficient time to evaluate their choices; and (3) assured they can accept the settlement without retaliation. Each potential class member will be able to accept (or reject) the settlement as they see fit. Those individuals who elect to participate in the settlement will receive an

amount in excess of their maximum potential recovery. Therefore, Plaintiffs request the Court approve the attached Settlement Agreement as a "reasonable compromise" of this dispute.

Respectfully Submitted,

**BRUCKNER BURCH PLLC**

By: _/s/ Michael K. Burke_
_____
Richard J. (Rex) Burch
Texas Bar No. 24001807
Admitted to District of Colorado
Michael K. Burke
Texas Bar No. 24012359
Admitted to District of Colorado
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com
mburke@brucknerburch.com

**Andrew W. Dunlap**
State Bar No. 24078444
**JOSEPHSON DUNLAP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile

**ATTORNEYS IN CHARGE FOR PLAINTIFF**

### CERTIFICATE OF SERVICE

On April 2, 2020, I served this document via the Court's ECF system.

_/s/ Mike Burke_
_____
Michael K. Burke