# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO
## Judge Daniel D. Domenico

Case No. 19-cv-03021-DDD-NRN

XEE RADER, individually and on behalf of others similarly situated,

    Plaintiff,

v.

GEN 1 PROTECTION,

    Defendant.

---

## ORDER APPROVING SETTLEMENT AGREEMENT

Plaintiff Xee Rader brought this action against Defendant Mountain Gen 1 Protection, LLC, asserting that Gen 1's "straight-time-for-overtime" plan violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., Colorado Wage Claim Act ("CWCA"), Colo. Rev. Stat. § 8-4-101, et seq., and Colorado Minimum Wage Act ("CMWA"), Colo. Rev. Stat. § 8-6-101, et seq. Before the Court is the parties' joint motion for approval of their settlement agreement, which resolves all claims. (Doc. 29, 31.) They also move for leave to file their settlement agreement under restriction. (Doc. 30.) The Court **APPROVES** the settlement and **GRANTS** the motions.

## LEGAL STANDARD

When employees file suit against their employer to recover unpaid wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness. 29 U.S.C. § 216; *Lynn's Food*

*Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946)). "Requiring court approval of FLSA settlements effectuates the purpose of the statute, which is to 'protect certain groups of the population from substandard wages and excessive hours . . . due to the unequal bargaining power as between employer and employee.'" *Baker v. Vail Resorts Mgmt. Co.*, No. 13-CV-01649-PAB-CBS, 2014 WL 700096, at *1 (D. Colo. Feb. 24, 2014) (quoting *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)). To approve the settlement agreement, the Court must find that (A) the settlement is reached as a result of contested litigation, (B) a bona fide dispute exists between the parties, and (C) the settlement is fair and reasonable. *Lynn's Food Stores*, 679 F.2d at 1354–55.[1]

To show a bona fide dispute exists, the parties must present a court with (1) a description of the nature of the dispute; (2) a description of the employer's business and the type of work performed by the employee; (3) the employer's reasons for disputing the employees' right to a minimum wage or overtime; (4) the employees' justification for the disputed wages; and (5) if the parties dispute the computation of wages

---

[1]   Courts have stated the *Lynn's Food Stores* requirements differently and added considerations in class cases. *See, e.g.*, *Baker v. Vail Resorts Mgmt. Co.*, No. 13-CV-01649-PAB-CBS, 2014 WL 700096, at *1 (D. Colo. Feb. 24, 2014) (adding, in a class case, a requirement that attorneys' fees be reasonable); *Thompson v. Qwest Corp.*, No. 17-CV-1745-WJM-KMT, 2018 WL 2183988, at *3 (D. Colo. May 11, 2018) (scrutinizing the reasonableness of a service award to a named Plaintiff in a class case); *Pliego v. Los Arcos Mexican Restaurants, Inc.*, 313 F.R.D. 117, 128 (D. Colo. 2016) (examining four fairness factors: (1) was the settlement achieved in an adversarial context; (2) were the plaintiffs represented by attorneys who can protect their rights; (3) does the settlement reflect a reasonable compromise over issues that are actually in dispute; and (4) is the settlement fair?).

owed, each party's estimate of the number of hours worked and the applicable wage. *Davis v. Crilly*, 292 F. Supp. 3d 1167, 1172 (D. Colo. 2018) (citing *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 718 (E.D. La. 2008)). The mere existence of an adversarial lawsuit is not enough to satisfy the bona fide dispute requirement. *Id.*

An FLSA settlement must also be fair and reasonable, meaning it must provide adequate compensation to the employees and must not frustrate the FLSA policy rationales. *Davis v. Crilly*, 292 F. Supp. 3d at 1173. Courts weigh a number of factors on this consideration, including: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the probability of plaintiffs' success on the merits; and (6) the amount of the settlement in relation to the potential recovery. *Id.* (citing *Hargrove v. Ryla Teleservices, Inc.*, Case No. 2:11-cv-344, 2013 WL 1897027, at *2 (E.D. Va. Apr. 12, 2013). There is a strong presumption in favor of finding a settlement fair. *Id.*

## ANALYSIS

The parties have made the required showing. Their negotiated and fair settlement was reached in the adversarial context after contested litigation. On October 22, 2019, Mr. Rader filed this lawsuit alleging Gen 1 failed to pay its security guards, including Mr. Rader, overtime for hours worked in excess of forty during workweeks. He alleged that he received $15 per hour, regardless of how many hours in a day or week he worked, and that he always worked more than forty (and often more than fifty) hours per week. Gen 1 denied the allegations and that it engaged in any wrongdoing.

To avoid protracted litigation and expense, the parties represent they engaged in informal and formal discovery to identify the potential class members, documents, and records necessary for them to calculate as accurately as possible the number of hours worked by, and the wages paid to, the potential class members. They identified six potential class members, including Mr. Rader, who were all allegedly underpaid in a similar manner. Gen 1 denied that these persons were similarly situated and alleged that all or some of them were more properly classified as independent contractors.

The proposed settlement agreement resulted from arm's-length negotiations by experienced counsel. It appears to provide substantial relief to all six class members. Additionally, this the settlement eliminates the risks to both parties of pursuing this matter to trial, which may not take place for a year or more in the future. The agreement brings immediate and substantial compensation to the class members without the need for lengthy litigation. Attorneys' fees represent approximately 40% of the total recovery. *See Vaszlavik v. Storage Corp.*, No. 95-B-2525, 2000 WL 1268824, at *4 (D. Colo. Mar. 9, 2000) ("A 30% common fund fee award is in the middle of the ordinary 20%-50% range and is presumptively reasonable.").

## CONCLUSION

For the foregoing reasons, the joint motion for approval of settlement agreement (Doc. 29) is **GRANTED**. The settlement agreement is **APPROVED**. The unopposed motion for leave to restrict the settlement agreement (Doc. 30) is **GRANTED**. It is **ORDERED** that the Court maintain restriction of the Settlement Agreement (Doc. 31) to Level 1 access.

It is further **ORDERED** that this case is **DISMISSED WITH PREJUDICE**.

Dated: April 3, 2020.   BY THE COURT:

_____
Daniel D. Domenico
United States District Judge